UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**KENDRA JONES,**

    **Plaintiff,**

v.                                                        Case No.: 0:17-cv-61506

**BC SERVICES, INC.,**

    **Defendant.**

_____/

**MOTION TO DISMISS AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, BC SERVICES, INC. ("Defendant"), by and through its undersigned counsel, moves to dismiss the Amended Complaint filed herein (DE 10) pursuant to Fed R. Civ. P. 12(b)(6) (the "Motion to Dismiss"). For the reasons set forth below, the Motion to Dismiss should be granted.

**INTRODUCTION**

On August 31, 2017, Plaintiff filed her Amended Complaint claiming Defendant violated various sections of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA" or "the Act") by sending Plaintiff a letter attempting to collect a debt (the "Collection Letter"). *See,* DE 10, generally.[1] Plaintiff's Amended Complaint is fairly straightforward and claims violations of the above enumerated statutes by mischaracterizing an innocuous collection letter. *Ibid.* Specifically, Plaintiff claims the Collection Letter violated §§ 1692e and 1692f by stating, "FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR." *Ibid.* at ¶¶ 25-26. Plaintiff claims this language violated

---

[1] Plaintiff initially filed her Complaint (DE 1) alleging additional FDCPA claims as well as alleged violations of the Florida Consumer Collection Practices Act but those allegations are now removed from the Amended Complaint subsequent to Defendant's Motion to Dismiss (DE 9).

the law as she "lives in Florida, the Collection Letter was sent to her Florida address and the Colorado Fair Debt Collection Practices Act has no bearing on Plaintiff." *Ibid.* at ¶ 26. However, Plaintiff's Amended Complaint fails to plausibly state a cause of action and is devoid of any factual information supporting Plaintiff's unrealistic and unsupported legal theories.

## FACTUAL BACKGROUND

For the purposes of this Motion to Dismiss only, the facts as stated in Plaintiff's Amended Complaint are accepted as true. *See,* DE 10. That is:

1. Defendant was assigned an account for collection from Plaintiff on behalf of Children's Hospital Colorado and on July 15, 2017 Defendant mailed Plaintiff the Collection Letter which provided initial notice of the debt. *Ibid.* at ¶¶ 13; 17-18; and

2. The letter contained the following statement: "FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR;" *Ibid.* at ¶ 26.

## MEMORANDUM OF LAW

### I. Standard of Review – Federal Rules of Civil Procedure 12(b)(6)

Pursuant to the Federal Rules of Civil Procedure § 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to determine whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Birdette v. Capitol One Bank (USA), N.A.*, No. 12-11640-F, 2012 WL 8319317, at *1 (11th Cir. July 25, 2012). As the Eleventh Circuit has held, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).*

The United States Supreme Court held that a plaintiff is required to plead factual allegations sufficient to state a plausible claim. It is not enough to plead the elements of a cause of action in a conclusory fashion, and then attempt to obtain discovery to fill in the blanks. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (U.S. 2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (U.S. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, neither "a formulaic recitation of the elements of a cause of action," nor "'naked assertion[s]' devoid of 'further factual enhancement,'" will suffice to satisfy the requirements of Rule 8, which directs that a "pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In *Twombly* and *Iqbal*, supra, the Supreme Court articulated a two-pronged approach to be used as a means of determining whether a pleading meets the Rule 8 standard. A District Court evaluating a motion to dismiss under Rule 12(b)(6) is guided to first "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Second, with what remains of the pleading after this first step, the District Court should "consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

II. **Legal Argument**

 a. **Plaintiff's FDCPA claims based on the Collection Letter's reference to the CFDCPA fail to state a cause of action.**

 i. *Defendant was required by Colorado law to reference the CFDCPA in its Collection Letter to Plaintiff.*

Plaintiff alleges that the Collection Letter violates §§ 1692e and 1692f of the FDCPA by stating, "FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION

PRACTICES ACT, SEE WWW.COAG.GOV/CAR" since "Plaintiff lives in Florida, the Collection Letter was sent to her Florida address and the Colorado Fair Debt Collection Practices Act has no bearing on Plaintiff." *Ibid.* at ¶¶ 25-26. However, Defendant is required by Colorado law to include the reference to the CFDCPA on all initial written communications to a consumer regardless of where the consumer lives or where the correspondence is mailed. *See,* C.R.S. § 5-16-105(3)(c).

As acknowledged in Plaintiff's Amended Complaint, Defendant is a Colorado corporation with its principal place of business located in Longmont, Colorado. *See,* DE 10 at ¶ 10. Colorado has enacted laws that govern collection agencies located in its state, C.R.S. § 5-16-101, e*t. seq.*, known as the Colorado Fair Debt Collection Practices Act ("CFDCPA").[2] *Id.* The CFDCPA "shall apply to any collection agency, solicitor, or debt collector that has a place of business located: (a) Within this state." *See,* C.R.S. § 5-16-102. Pursuant to the CFDCPA:

> In its initial written communication to a consumer, a collection agency [within the state of Colorado] shall include the following statement: "FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM." If the website address is changed, the notification shall be corrected to contain the correct address. If the notification is placed on the back of the written communication, there shall be a statement on the front notifying the consumer of such fact.

*See,* C.R.S. § 5-16-105(3)(c).

Importantly, there is *nothing* in the CFDCPA that limits the required disclosure of the CFDCPA website to letters sent to consumers located in the state of Colorado. As a result, all collection agencies located in Colorado, like Defendant, are required to reference the CFDCPA website on all initial written communication even when, as here, the consumer resides in, and the

---

[2] Pursuant to Senate Bill 17-216, effective August 9, 2017 the CFDCPA was relocated from Title 12 at C. R. S. §§ 12-14-101 *et. seq.* to Title 5 at C.R.S. §§ 5-16-101, *et seq.*

letter is sent to, a state other than Colorado. This makes sense because the Colorado Attorney General's office maintains a complaint submittal form on the website that permits any state's consumers to submit concerns regarding a collection agency located within Colorado. When a consumer accesses the website that the Plaintiff alleges is so misleading, the consumer is presented with information which includes an online form to submit a complaint to the Colorado Attorney General's Office. The complaint form is available regardless of where the consumer is located, and the form includes fields for the consumer to input the consumer's address, including the state. Critical here, the state field, which features a drop down menu, offers all states, including Florida.  Attached as **Exhibit 1** is a screenshot from the website complaint form.[3] When a consumer from Florida (or any other state) complains to the Colorado Attorney General about a collection agency located in Colorado, the Colorado Attorney General investigates the complaint. Put simply, the Colorado specific website disclosure is required by law to be printed on all initial letters that Defendant sends to consumers, because Colorado regulates the conduct of Colorado businesses like Defendant, and it does so regardless of where the consumer resides.

> ii. *Plaintiff's claims that the Collection Letter's reference to the CFDCPA website was misleading are based on nothing more than "fantastic conjecture."*

Plaintiff alleges that the Collection Letter sent to Plaintiff, a Florida resident, violates §§ 1692e and 1692f of the FDCPA by stating, "FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR" alleging the statement somehow "misleads the least sophisticated consumer into believing he or she *was not* protected… when, in reality, the consumer *was so protected*… [or that] he or she *was*

---

[3] The Court may take judicial notice of the Colorado Attorney General's website, which constitutes a matter of public record. *See,* Fed.R.Evid. 201(b)(2); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir.2005) (holding that district court could take judicial notice of state agency website): *In re Everglades Island Boat Tours, LLC*, 484 F.Supp.2d 1259, 1261 (M.D .Fla.2007) (taking judicial notice of government website): *Mitchell v. Nix*, CV 105-2349, 2007 WL 779067, at *4 (N.D.Ga. Mar. 8, 2007) (taking judicial notice of state agency website).

protected… when, in reality, the consumer *was not.*" *See*, DE 10 at ¶¶ 25-26 (emphasis in original).

Although the issue has not yet been considered by the Eleventh Circuit, other circuits have held that such state-specific disclosures are not misleading under the FDCPA even if the same rights apply to the residents of other states. *See e.g., Jackson v. Immediate Credit Recovery, Inc.*, No. CV-05-5697 (SMG), 2006 WL 3453180, at *4 (E.D.N.Y. Nov. 28, 2006) ("The weight of authority . . . supports the conclusion that state-specific notifications are not so confusing as to violate the FDCPA."); *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000) (holding the state-specific disclosure was not misleading under the FDCPA); *Morse v. Dun & Bradstreet, Inc.*, 87 F. Supp. 2d 901, 903–04 (D. Minn. 2000) (same).

"Because Congress enacted the statute primarily to protect consumers, we evaluate the circumstances giving rise to an alleged FDCPA violation from the perspective of the least sophisticated consumer." *Prescott v. Seterus, Inc.*, 635 F. App'x 640, 644 (11th Cir. 2015) (unpublished). The least sophisticated consumer "possess[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1194 (11th Cir.2010). That standard protects "naïve consumers" and "prevents liability for bizarre or idiosyncratic interpretations of collections notices by preserving a quotient of reasonableness." *Id.*

The Seventh Circuit has rejected similar FDCPA claims that a state-specific notice could lead the least sophisticated consumer to impermissible confusion. *See, Goodman*, 200 F.3d 1016. In *Goodman*, the plaintiff alleged a paragraph of rights within a collection letter that was specific to residents of Colorado "implies that nonresidents of Colorado do not have similar rights, whereas in fact the Fair Debt Collection Practices Act itself confers similar rights on debtors." *Id.* at 1020. The Circuit Court described the plaintiff's contention, that non-Colorado residents

might conclude that they do not have similar rights, as "fantastic conjecture" noting "[a]ny document can be misread. The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it. The Act protects the unsophisticated debtor, but not the irrational one." *Id.* Specifically, the *Goodman* Court found:

> [I]t is unlikely, to say the least, that recipients of such letters, unless they happen to be class action lawyers specializing in consumer finance litigation, have any idea of what specific federal or state rights they might have; so they have no benchmark against which to compare the rights that Colorado law confers. And far from implying that Coloradans have superior rights, the paragraph by its opening sentence makes clear that Colorado merely requires that the debt collector furnish Colorado residents with the specified information. The implication is not that such residents have more rights than residents of other states, but, at most, that they are less sophisticated and therefore need more information about their rights. Realistically, the only reaction of a Colorado nonresident to the paragraph would be that it had nothing to do with him.

*Id.* at 1020.

Similarly in *Morse*, the plaintiff alleged the collection letter, which also included disclosures specific to Colorado residents, violated the FDCPA as it "leads the least sophisticated consumer from any state other than Colorado to erroneously conclude that she is not entitled to the rights set forth in the Colorado box, when in fact these protections are essentially afforded to all consumers under 15 U.S.C. § 1692c(c)." *Morse*, 87 F. Supp. 2d at 903. The *Morse* Court found that "in order for a non-Colorado consumer to reach this conclusion, she would have to: (1) read the back page of the letter from top to bottom (a significant proposition for sophisticated and unsophisticated consumers alike), (2) carefully review notices that are clearly labeled as applicable to residents of states other than her own, (3) infer that what applies in Colorado does not apply in her own state, (4) conclude that she cannot possibly have such rights under any other laws." *Id.* As such, the *Morse* court held "this improbable sequence of actions, inferences and conclusions exceeds the level of reasonableness imposed by the least sophisticated consumer

standard and constitutes the sort of idiosyncratic interpretation that the standard is designed to guard against. *Id.* at 903-904.

In this case, the Collection Letter at issue states, "FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR" *See,* DE 1-3. As in *Goodman*, Plaintiff's contention in this case that the statement "misleads the least sophisticated consumer into believing he or she *was not* protected… when, in reality, the consumer *was so protected*… [or that] he or she *was* protected… when, in reality, the consumer *was not*" (DE 10 at ¶ 25, emphasis in original) is nothing but "fantastic conjecture." *Goodman*, 200 F.3d at 1020. Moreover, since the disclosure was required by Colorado law, Plaintiff's argument, if blessed by this Court, would create a Hobson's choice for Defendant, i.e. violate the FDCPA by including the disclosure or violate Colorado law by refusing to include the disclosure. It would pervert the purpose of the FDCPA to place Defendant in that type of "no-win" situation.

## **CONCLUSION**

In reference to the type of claim now present before this Court, Judge Williams was appropriately reminded of Judge Glasser's observation in *Jacobson v. Healthcare Fin. Servs., Inc.,* 434 F. Supp. 2d 133, 138 (E.D.N.Y. 2006):

> Ironically, it appears that it is often the extremely sophisticated consumer who takes advantage of the civil liability scheme defined by [the FDCPA], not the individual who has been threatened or mislead.... It is interesting to contemplate the genesis of these suits. The hypothetical Mr. Least Sophisticated Consumer ("LSC") makes a $400 purchase. His debt remains unpaid and undisputed. He eventually receives a collection letter requesting payment of the debt which he rightfully owes. Mr. LSC, upon receiving a debt collection letter that contains some minute variation from the statute's requirements, immediately exclaims This clearly runs afoul of the FDCPA! and-rather than simply pay what he owes- repairs to his lawyer's office to vindicate a perceived "wrong."

> There comes a point where this Court should not be ignorant as judges of what we know as [people].

*Anselmi v. Shendell & Associates, P.A.*, 12-61599-CIV, 2015 WL 11121357, at *7 (S.D. Fla. Jan. 7, 2015).

This sentiment has never been more appropriate, as Plaintiff files her sixth FDCPA suit in this District within the past year.[4] The entirety of Plaintiff's factual allegations revolves around state law required reference to the CFDCPA website. However, Plaintiff's attempt to manufacture FDCPA violations through a bizarre and idiosyncratic interpretation of Defendant's Collection Letter have been explicitly rejected by all courts who have considered the allegations. As a result, Defendant respectfully requests this honorable court to dismiss Plaintiff's claims in their entirety with prejudice.

Respectfully submitted by:

/s/ Dale T. Golden
Dale T. Golden, Esq.
FBN: 0094080
/s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Direct: (813) 251-3632
Fax: (813) 251-3675
dgolden@gsgfirm.com
jproulx@gsgfirm.com

---

[4] *See,* 0:2016-cv-62058; 0:2016-cv-62059; 0:2016-cv-62060; 0:2017-cv-60838; 0:2017-cv-61435; and 0:2017-cv-61435, which this Court may take judicial notice of under Fed. R. Evid. 201.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dale T. Golden
Dale T. Golden, Esq.
FBN:  0094080